**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

Ronald D. Coleman (RC 3875)
GOETZ FITZPATRICK LLP
One Penn Plaza—Suite 4401
New York, NY 10119
(212) 695-8100
rcoleman@goetzfitz.com
*Attorneys for Defendants Opinion Corp.,*
*Michael Podolsky & Alex Syrov*

| | |
|---|---|
| ASCENTIVE LLC,<br><br>      *Plaintiff*,<br><br>        -*vs.*-<br><br>OPINION CORP. d/b/a PISSEDCONSUMER.COM, MICHAEL PODOLSKY, JOANNA SIMPSON and ALEX SYROV,<br><br>      *Defendants*. | Civil Action No.<br>1:10-CV-04433-ILG-SMG<br><br><br><br>**ANSWER AND JURY DEMAND OF DEFENDANTS OPINION CORP., PODOLSKY AND SYROV AND COUNTERCLAIM OF OPINION CORP.** |
| OPINION CORP.,<br><br>      *Counterclaim Plaintiff*,<br><br>        -*vs.*-<br>ASCENTIVE LLC,<br><br>      *Counterclaim Defendant*. | |

Defendants Opinion Corp., Michael Podolsky and Alex Syrov (herein referred to collectively as "defendants"), by and through their undersigned counsel, for their answer to the Complaint by plaintiffs, defend and say as follows:

**RESPONSES TO THE ALLEGATIONS
OF THE COMPLAINT**

1.      Denied.

2.      Denied.

3.      Defendants neither admit nor deny this allegation, which is merely a characterization of plaintiff's own desired relief.

**PARTIES**

4.      Defendants deny knowledge and information sufficient to admit or deny the allegations of this paragraph of the Complaint.

5.      Admitted.

6.      Admitted, except denied that Mr. Podolsky committed predicate acts in violation of the RICO statute.

7.      Admitted, except denied that Mr. Syrov committed predicate acts in violation of the RICO statute.

8.      Denied.

9.      Denied.

10.      Admitted as to defendants Opinion Corp., Podolsky and Syrov.

**JURISDICTION AND VENUE**

11.      Admitted.

12.      Admitted.

13.      Admitted.

14.      Admitted as to defendants Opinion Corp., Podolsky and Syrov.

**FACTS**

15.    Defendants deny knowledge and information sufficient to admit or deny the allegations of this paragraph of the Complaint.

16.    Defendants deny knowledge and information sufficient to admit or deny the allegations of this paragraph of the Complaint.

17.    Defendants deny knowledge and information sufficient to admit or deny the allegations of this paragraph of the Complaint.

18.    Defendants deny knowledge and information sufficient to admit or deny the allegations of this paragraph of the Complaint.

19.    Defendants deny knowledge and information sufficient to admit or deny the allegations of this paragraph of the Complaint.

20.    Defendants deny knowledge and information sufficient to admit or deny the allegations of this paragraph of the Complaint.

21.    Defendants deny knowledge and information sufficient to admit or deny the allegations of this paragraph of the Complaint.

22.    Defendants deny knowledge and information sufficient to admit or deny the allegations of this paragraph of the Complaint.

23.    Defendants deny knowledge and information sufficient to admit or deny the allegations of this paragraph of the Complaint.

24.    Defendants deny knowledge and information sufficient to admit or deny the allegations of this paragraph of the Complaint.

25.     Admitted.

26.     Admitted.

27.     Admitted.

28.     Admitted.

29.     Admitted.

30.     Admitted.

31.     Denied.

32.     Denied.

33.     Denied.

34.     Admitted.

35.     Admitted.

36.     Denied, except admitted that PissedConsumer does not require participants in its forums to reveal their identities or contact information.

37.     Defendants deny knowledge and information sufficient to admit or deny the allegations of this paragraph of the Complaint.

38.     Admitted, except the implication that PissedConsumer itself posts complaints is denied.

39.     Admitted.

40.     Admitted.

41.     Admitted.

42.     Admitted.

43.     Admitted.

44.     Admitted.

45.     Admitted.

46.     Admitted.

47.     Admitted.

48.     Defendants deny knowledge and information sufficient to admit or deny the allegations of this paragraph of the Complaint.

49.     Denied, except admitted that Google AdWords compensates PissedConsumer by click-throughs.

50.     Denied.

51.     Defendants deny knowledge and information sufficient to admit or deny the allegations of this paragraph of the Complaint.

52.     Defendants deny knowledge and information sufficient to admit or deny the allegations of this paragraph of the Complaint, except admit that they utilize search engine optimization.

53.     Denied.

54.     Denied.

55.     Denied.

56.     Defendants deny knowledge and information sufficient to admit or deny the allegations of this paragraph of the Complaint.

57.     Defendants deny knowledge and information sufficient to admit or deny the allegations of this paragraph of the Complaint, except admit that the PissedConsumer does state the words quoted.

58.     Admitted.

59.     Defendants deny knowledge and information sufficient to admit or deny the allegations of this paragraph of the Complaint except admit that defendant Podolsky was contacted by Singer on or about that date.

60.     Admitted.

61.     Denied.

62.     Admitted.

63.     Defendants deny knowledge and information sufficient to admit or deny the allegations of this paragraph of the Complaint but admit the allegation that Ascentive's chief executive officer, Adam Schran, signed the non-disclosure agreement, as did defendant Podolsky.

64.     Admitted.

65.     Denied.

66.     Denied.

67.     Denied.

68.     Denied.

69.     Denied.

70.     Denied, except admitted that PissedConsumer did not represent that it would remove negative content about Ascentive from its website.

71.     Denied.

72.     Denied.

73.     Denied.

74.     Denied.

75.     Denied, except admitted that PissedConsumer does not publish complaints about PissedConsumer on its website.

76.     Admitted that an anonymous posting appeared on PissedConsumer making the quoted claims.

77.     Admitted.

78.     Admitted except denied that PissedConsumer made inconsistent representations to plaintiff regarding removal of complaints.

79.     Defendants deny knowledge and information sufficient to admit or deny the allegations of this paragraph of the Complaint.

80.     Admitted that plaintiff filed the Complaint.

## FIRST CLAIM FOR RELIEF

81.     Defendants repeat and incorporate their responses to the corresponding allegations of the Complaint as if set forth in full.

82.     Denied.

83.     Denied, except admitted that defendants Podolsky and Syrov were employed by or affiliated with PissedConsumer.

84.     Denied.

85.     Denied.

86.     Denied except admitted that defendant Opinion Corp. is engaged in activities that affect interstate commerce.

87.     Denied, except admitted that defendants Podolsky and Syrov were employed by or affiliated with PissedConsumer and are the principals of Opinion Corp.

88.     Admitted.

89.     Denied.

90.     Denied.

91.     Denied.

92.     Denied.

93.     Denied.

94.     Denied.

95.     Admitted.

96.     Denied.

97.     Denied.

98.     Denied.

99.     Denied.

100.    Denied.

101.    Denied.

102.    Denied.

103.    Denied.

104.    Denied.

105.    Denied.

106.    Denied.

107.    Denied.

108.    Denied.

109.    Denied.

110.    Denied.

111.    Denied, except admitted that Ascentive, of its own free will, negotiated with and engaged in communications with defendants.

112.    Denied.

113.    Denied.

114.    Denied.

115.    Denied.

116.    Denied.

**SECOND CLAIM FOR RELIEF**

117.    Defendants repeat and incorporate their responses to the corresponding allegations of the Complaint as if set forth in full.

118.    Denied.

119.    Denied.

120.    Denied.

**THIRD CLAIM FOR RELIEF**

121.    Defendants repeat and incorporate their responses to the corresponding allegations of the Complaint as if set forth in full.

122.    Defendants deny knowledge and information sufficient to admit or deny the allegations of this paragraph of the Complaint.

123.    Admitted.

124.    Admitted.

125.    Denied, except admitted that plaintiff did at a certain point express its objections.

126.    Denied.

127.    Denied.

128.    Denied.

129.    Denied.

130.    Denied.

131.    Denied.

132.    Denied.

133.    Denied.

**FOURTH CLAIM FOR RELIEF**

134.    Defendants repeat and incorporate their responses to the corresponding allegations of the Complaint as if set forth in full.

135.    Denied.

136.    Admitted that Ascentive uses its trademark in commerce and in conjunction with its business operations, but denied that they are legitimate.

137.    Denied.

138.    Denied.

139.    Denied.

140.    Denied.

141.    Defendants neither admit nor deny this allegation, which is merely a characterization of plaintiff's own desired relief.

**FIFTH CLAIM FOR RELIEF**

142.    Defendants repeat and incorporate their responses to the corresponding allegations of the Complaint as if set forth in full.

143.    Denied.

144.    Denied.

145.    Denied.

146.    Denied.

147.    Denied.

148.    Defendants neither admit nor deny this allegation, which is merely a characterization of plaintiff's own desired relief.

## SIXTH CLAIM FOR RELIEF

149.    Defendants repeat and incorporate their responses to the corresponding allegations of the Complaint as if set forth in full.

150.    Defendants deny knowledge and information sufficient to admit or deny the allegations of this paragraph of the Complaint.

151.    Denied.

152.    Denied.

153.    Denied.

154.    Denied.

155.    Denied.

156.    Denied.

157.    Denied.

158.    Defendants neither admit nor deny this allegation, which is merely a characterization of plaintiff's own desired relief.

## SEVENTH CLAIM FOR RELIEF

159.    Defendants repeat and incorporate their responses to the corresponding allegations of the Complaint as if set forth in full.

160.    Denied.

161.    Denied.

162.   Denied.

163.   Denied.

## EIGHTH CLAIM FOR RELIEF

164.   Defendants repeat and incorporate their responses to the corresponding allegations of the Complaint as if set forth in full.

165.   Denied.

166.   Defendants neither admit nor deny this allegation, which is merely a characterization of plaintiff's own desired relief.

167.   Denied.

168.   Denied.

169.   Denied.

## AFFIRMATIVE DEFENSES

### 47 USC § 230

Plaintiff's state law claims are barred by 47 USC § 230, which provides that "No provider or user of an interactive computer service shall be treated as the publisher or speaker of any information provided by another information content provider" and "[n]o cause of action may be brought and no liability may be imposed under any State or local law that is inconsistent with this section."

### Effects in Equity of Non-Disclosure Agreement on Affirmative Claims

To the extent any allegation in the Complaint is based on information disclosed or communications made by Opinion Corp. governed by the Non-Disclosure Agreement, all such allegations constitute a breach of an enforceable contract and are barred under the doctrines of

(a) waiver,

(b) unclean hands and

(c) equitable estoppel.

Moreover, Opinion Corp. is, pursuant to the terms of the Non-Disclosure Agreement, entitled to injunctive relief to aid in its enforcement, which as a matter of equity should result in an order striking such above-described allegations from the Complaint.  Because equity regards as done what ought to be done, the Complaint, considered as if such allegations were struck, failures to state a claim for which relief can be granted.

### Failure to State a Claim—RICO § 1962(c)

Plaintiff has failed to state a claim for which relief can be granted under RICO because

(a) a corporation will not be liable for operating the affairs of an association-in-fact enterprise consisting of its own officers and employees; and

(b) a RICO plaintiff cannot circumvent the person / enterprise distinction by alleging a RICO enterprise merely of a corporate defendant associating with its own employees in the regular course of that corporation's business; and

(c) plaintiff has failed adequately to plead actionable predicate acts under RICO including, *inter alia*, because

1) PissedConsumer did not commit commercial bribery because its activities are protected by the First Amendment; and

2) PissedConsumer did not commit commercial bribery because its activities are protected by 47 USC § 230; and

14

3)  PissedConsumer did not commit commercial bribery because it does not "hold itself out the public as being engaged in the business of making disinterested selection, appraisal and criticism of commodities and services" but merely provides a forum for third-party commentary about goods and services; and

4)  PissedConsumer did not commit commercial bribery because it did not "solicit, accept or agree to accept any benefit to influence its selection, appraisal or criticism" because PissedConsumer does not make selections, appraisals or criticisms but merely provides a forum for third-party commentary about goods and services; and

5)  PissedConsumer did not commit extortion under the Hobbs Act or otherwise because its activities are protected by the First Amendment; and

6)  PissedConsumer did not commit extortion under the Hobbs Act or otherwise because its activities are protected by 47 USC § 230; and

7)  PissedConsumer did not commit extortion under the Hobbs Act or otherwise because to the extent that any comments about plaintiff on PissedConsumer.com are defamatory or otherwise actionable harmful, plaintiff can pursue those claims under state tort laws, but maintaining a website on which they can be made is not criminal extortion as a matter of law.

**Failure to State a Claim—RICO § 1962(d)**

Plaintiff has failed to state a claim for which relief can be granted for RICO conspiracy because

(a) plaintiff has failed to state a claim under § 1962(c), and absent a substantive RICO claim, a RICO conspiracy claim fails as a matter of law; and

(b) a claim of conspiracy cannot lie against a corporate entity for alleged concerted action of employees to violate RICO on the corporation's behalf.

### Failure to State a Claim—Trademark Fair Use

Plaintiff has failed to state a claim for which relief can be granted as to all the claims in the Complaint sounding in trademark, including unjust enrichment unfair competition, etc, because defendants' use of any trademarks owned by plaintiff was and is fair use as a matter of law.

### Failure to State a Claim—Initial Interest Confusion

Plaintiff has failed to state a claim for which relief can be granted as to all the claims in the Complaint sounding in trademark to the extent any such claims are based on the specious doctrine of initial interest confusion fail to state a claim as a matter of law.

### Failure to State a Claim—Interference with Contract

Plaintiff has failed to state a claim for tortious interference with contract because it has not alleged

(a) the existence of a specific valid contract between plaintiff and an identified third party;

(b) any defendant's knowledge of that contract or

(c) any defendant's intentional procuring of

(d) the breach of that contract.

### Failure to State a Claim—Interference with Prospective Economic Relations

Plaintiff has failed to state a claim for tortious interference with prospective economic relations because it has not alleged that

(a) it had a business relationship with a specified third party;

(2) any defendant knew of that relationship or

(c) any defendant intentionally interfered with that specific relationship.

WHEREFORE, defendants demand that plaintiff's Complaint be dismissed, with prejudice, in its entirety, and that defendants be granted their attorneys fees and costs of suit.

## COUNTERCLAIM FOR BREACH OF CONTRACT

Defendant / Counterclaim Plaintiff Opinion Corp., by and through its undersigned counsel, for its Counterclaim against plaintiffs, says as follows:

1.       Opinion Corp. repeats and incorporate its responses to the allegations of the Complaint as if set forth in full.

2.       As alleged in the Complaint at ¶ 63, plaintiff's chief executive officer, Adam Schran, signed the Non-Disclosure Agreement in consideration for the disclosure by Opinion Corp. of confidential information as defined therein.

3.       The term of the Non-Disclosure Agreement was 10 years following the effective date of June 10, 2010.

4.       Under the Non-Disclosure Agreement, plaintiff obligated itself, *inter alia*, to hold confidential information defined therein in strict confidence.

5.       Under the Non-Disclosure Agreement, plaintiff obligated itself, *inter alia*, not to disclose confidential information defined therein to any third party without authorization from Opinion Corp.

6.       Opinion Corp. fulfilled all its obligations under the Non-Disclosure Agreement.

17

7.      The filing by plaintiff of allegations in the Complaint herein comprising, based on or otherwise revealing confidential information disclosed by Opinion Corp. pursuant to the Non-Disclosure Agreement, howsoever mischaracterized or distorted, constituted a material breach of that agreement.

8.      Opinion Corp. has been damaged by plaintiff's breach in an amount to be determined at trial.

9.      Opinion Corp. has also been damaged, and continues to suffer harm, of a nature not amenable to monetary compensation.

10.     Under the Non-Disclosure Agreement, plaintiff acknowledged that the unauthorized use or disclosure of the defined confidential information would cause irreparable harm to Opinion Corp., which could not be made whole by monetary damages alone.

11.     Accordingly, plaintiff agreed under the Non-Disclosure Agreement that Opinion Corp. has, in such an event, the right to obtain an immediate injunction against such breach without the posting of a bond or proof of actual damages, and that plaintiff would not oppose the granting of such relief, as well as the right to pursue all other rights and remedies at law or equity.

12.      Moreover, under the Non-Disclosure Agreement, plaintiff agreed to reimburse Opinion Corp. for all costs and expenses, including attorneys' fees, incurred by Opinion Corp. in attempting to enforce the obligations of plaintiff thereunder.

**WHEREFORE**, Opinion Corp. prays for an order of the Court:

A.      Granting a preliminary and permanent injunction restraining plaintiff / counterclaim

      defendant, and all individuals acting in concert or participation with it, from making

any further disclosure, or causing the promulgation of any past disclosure, of
confidential information disclosed by Opinion Corp. pursuant to the Non-Disclosure
Agreement;

B.      Awarding plaintiff a money judgment against defendants for plaintiff's damages
arising from its breach of contract;

C.      Striking all material in the Complaint based on information disclosed or
communications made by Opinion Corp. to plaintiff / counterclaim defendant
governed by the Non-Disclosure Agreement;

D.      Awarding plaintiff its reasonable attorneys' fees, costs and disbursements incurred
herein pursuant to the Non-Disclosure Agreement;

E.      Awarding plaintiff such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Opinion Corp. demands trial by jury of all the claims herein so amenable.

Respectfully submitted,

Ronald D. Coleman (RC 3875)
GOETZ FITZPATRICK LLP
One Penn Plaza—Suite 4401
New York, NY 10119
(212) 695-8100
rcoleman@goetzfitz.com
*Attorneys for Defendants Opinion Corp.,
Michael Podolsky & Alex Syrov*

November 9, 2010

19