**GOETZ FITZPATRICK** LLP
Attorneys at Law   www.goetzfitz.com
55 Harristown Road, Glen Rock, NJ 07452 | (T) 201-612-4444 | (F) 201-612-4455

Ronald D. Coleman
Partner
rcoleman@goetzfitz.com

November 23, 2010

**BY ECF**

Hon. I. Leo Glasser, U.S.D.J.
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY  11201

     Re: Ascentive, LLC v. Opinion Corp. et al
        10-cv-04433-ILG –SMG

Dear Judge Glasser:

  We represent defendants Opinion Corp., Michael Podolsky and Alex Syrov ("defendants") in the referenced matter, and write with respect to the motion and application for an order to show cause filed by plaintiff today – barely one business day before Thanksgiving – in violation of Your Honor's Individual Rules and respecting relief for "irreparable harm" that, as the papers themselves acknowledge, has been ongoing for approximately **five months**.

  Section (IV)(B) of Your Honor's Rules respecting dispositive motions provides, "The parties shall arrange their own briefing schedule and need not inform the Court." The present motion, however, was filed without any such arrangement being attempted and with no principled basis for expedition such that those Rules should be disregarded. What makes this filing even more problematic is that an attempt was made by the undersigned to schedule briefing for this motion one month ago. That approach was rebuffed by counsel for plaintiff, as shown below. Instead, shortly before the holiday weekend and with no warning (despite weeks of planning), plaintiffs filed this motion in classic "bush-league" practice – unilaterally and without regard to either Your Honor's rules, much less consideration of collegiality or professionalism.

  Specifically, on October 22, 2010, we communicated by email with defendant's counsel as follows, after a telephone discussion about settlement, during which plaintiff had first raised



the possibility that it might move for a preliminary injunction. We wrote as follows:

> Our intention is to file a motion to dismiss the Complaint. Judge Glasser's individual rules do not require a pre-motion conference for substantive motions, but do require the parties to agree in advance to a briefing schedule and for what you know is the Eastern District's unique motion filing procedure.

Counsel for plaintiff responded three days later by conditioning its compliance with Your Honor's Rules regarding briefing schedules on defendants conceding the entire relief sought by the pending meritless motion:

> If your client is willing to take these webpages down pending the outcome of the litigation, we would be willing to discuss scheduling as you propose. Otherwise, Ascentive will pursue its request for immediate injunctive relief. In connection with our filing for injunctive relief, we will file an order to show cause, in response to which the Court would set the schedule for responding. We would expect to respond to PissedConsumer's motion to dismiss in 14 days as required by the local rules.

There were no further communications. Nor was a motion for "immediate injunctive relief" forthcoming; again, this exchange took place over a month ago, and many months after the "offending" website content was first posted.

Defendants, in the interim, elected to defer their motion to dismiss, especially given plaintiff's refusal to cooperate in scheduling and the likelihood that without such cooperation, a motion under Fed. R. Civ. P. 12(b)(6) would be rushed and would implicate the Thanksgiving holiday. Thus defendants filed an answer and counterclaims including detailed affirmative defenses and expected further action to abide the initial conference on January 7th.

Now, on the afternoon prior to the day before Thanksgiving, we have been served, via ECF, with reams of paper which – as indicated by plaintiff's extensive delay in making this motion, despite its incredible claims of "irreparable harm" and prayer for emergency restraints – could just as well have been made either four months ago, two weeks ago or next Monday.

Plaintiff is represented in this action by a team of attorneys admitted *pro hac vice*, and appears to believe that the federal courts in New York encourage such gamesmanship. It also appears to be under the impression that Your Honor's own Rules regarding the scheduling of motions are merely suggestions or bargaining chips. We ask the Court to correct these impressions without the requirement of submission of full opposition papers in short order.

 GOETZ FITZPATRICK LLP

Hon. I. Leo Glasser, U.S.D.J.
November 23, 2010
Page 3 of 3

The Southern District has written as follows in almost identical circumstances – though without the contumacious response to a request for scheduling a motion pursuant to a District Judge's individual Rules:

> This Court is always suspicious of orders to show cause presented by counsel on the eve of a holiday. Given the fact that the events at issue occurred on August 23, 1994, it is difficult to understand why this application could not have been made at an earlier date. The fact the application is presented on the eve of the Thanksgiving holiday strongly suggests that plaintiff's counsel seeks an unfair tactical advantage. Nothing in the papers presented demonstrates a need for expedition at this point. Since plaintiff's counsel was content to let the matter linger, the Court sees no reason in imposing on the defendant and its counsel the burden of proceeding with expedition during the holiday period.

*Zeus Cosmetics, Inc. v. McFall*, 94 CIV. 8128 (JSM), 1994 WL 665040 (S.D.N.Y. Nov. 23, 1994). Similarly, in *Chatham Partners, Inc. v. Fid. and Deposit Co. of Maryland*, 99 CIV 12308(JSM), 2001 WL 1262960 (S.D.N.Y. Oct. 19, 2001), the same court wrote, "Dante should have reserved a special place in hell for lawyers who file unwarranted orders to show cause on the eve of a holiday. Since such a divine sanction is not immediately available, the Court must consider whether 28 U.S.C. § 1927 can provide an adequate remedy for the party required to respond to such an order to show cause."

Here plaintiff's gratuitous timing is aggravated by its refusal to cooperate in scheduling briefing for a motion seeking an injunction ordering the "takedown" of complaints against it on defendants' website – complaints which, again, plaintiff admits have been online since June. We request that the Court, at the earliest possible time, impose a reasonable briefing schedule with respect to plaintiff's applications so that neither defendants nor their counsel, need to have their holiday weekend impinged upon needlessly by plaintiff's sharp practice, and that the Court consider such other relief as it deems appropriate under the circumstances.

Respectfully submitted,

*Ronald D. Coleman*

Ronald D. Coleman

cc: All ECF Counsel