## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ASCENTIVE, LLC, | : |
| | : |
| Plaintiff, | : Civil Action No. 1:10-CV-04433-ILG-SMG |
| | : |
| v. | : |
| | : |
| OPINION CORP. d/b/a | : |
| PISSEDCONSUMER.COM, MICHAEL | : |
| PODOLSKY, JOANNA SIMPSON, and | : |
| ALEX SYROV, | : |
| | : |
| Defendants. | : |
| | : |

### ANSWER TO COUNTERCLAIM AND AFFIRMATIVE DEFENSES

Plaintiff/counterclaim defendant Ascentive, LLC ("Ascentive), responds to the counterclaim of defendant/counterclaim plaintiff Opinion Corp. d/b/a PissedConsumer.com ("PissedConsumer") as follows:

1.      Ascentive incorporates by reference the factual allegations of each and every paragraph of its complaint.

2.      Admitted in part and denied in part.  Ascentive admits only that its Chief Executive Officer Adam Schran signed the Non-Disclosure Agreement.  The remaining allegations of Paragraph 2 constitute conclusions of law, which are deemed denied.  To the extent the remaining allegations of Paragraph 2 are considered factual, they are denied.

3.      Denied.  The Non-Disclosure Agreement is a document that speaks for itself, and any characterizations of it are denied.  To the extent the allegations of Paragraph 3 constitute conclusions of law, they are deemed denied.  By way of further answer, Ascentive denies that the

Non-Disclosure Agreement is or ever was in effect.  To the contrary, the Non-Disclosure Agreement is void as against public policy.

4.      Denied.  The allegations of this paragraph state conclusions of law to which no response is required and they are denied.  By way of further answer, Ascentive denies that the Non-Disclosure Agreement is or ever was in effect.  To the contrary, the Non-Disclosure Agreement is void as against public policy.

5.      Denied.  The allegations of this paragraph state conclusions of law to which no response is required and they are denied.  By way of further answer, Ascentive denies that the Non-Disclosure Agreement is or ever was in effect.  To the contrary, the Non-Disclosure Agreement is void as against public policy.

6.      Denied.   The allegation of this paragraph state conclusions of law to which no response is required and they are denied.  By way of further answer, Ascentive denies that the Non-Disclosure Agreement is or ever was in effect.  To the contrary, the Non-Disclosure Agreement is void as against public policy.

7.      Denied.   The allegation of this paragraph state conclusions of law to which no response is required and they are denied.  By way of further answer, Ascentive denies that the Non-Disclosure Agreement is or ever was in effect.  To the contrary, the Non-Disclosure Agreement is void as against public policy.

8.      Denied.  By way of further answer, Ascentive denies that the Non-Disclosure Agreement is or ever was in effect.  To the contrary, the Non-Disclosure Agreement is void as against public policy.

9.      Denied.

10.      Denied.  Ascentive incorporates by reference its response to Paragraph 3.

11.     Denied.  By way of further answer, Ascentive denies that the Non-Disclosure Agreement is or ever was in effect.  To the contrary, the Non-Disclosure Agreement is void as against public policy.

12.     Denied.  By way of further answer, Ascentive denies that the Non-Disclosure Agreement is or ever was in effect.  To the contrary, the Non-Disclosure Agreement is void as against public policy.

## AFFIRMATIVE DEFENSES

Ascentive asserts the following affirmative defenses:

1.     PissedConsumer's counterclaim, in whole or in part, fails to state a claim upon which relief may be granted and PissedConsumer fails to state sufficient factual and/or legal basis for its claims under either federal or state law.

2.     The Non-Disclosure Agreement was for an illegal purpose, and as such, void as a matter of public policy.

3.     The Non-Disclosure Agreement lacked consideration and is unenforceable.

4.     PissedConsumer's counterclaim is barred, in whole or in part, by the doctrine of unclean hands.

5.     PissedConsumer's counterclaim is barred, in whole or in part, by statutory law.

6.     PissedConsumer's counterclaim is barred, in whole or in part, by the doctrines of waiver, estoppel and/or laches.

7.     PissedConsumer's counterclaim is barred by fraud, unconscionability, and/or illegality.

8.     Ascentive has not engaged in any wrongful conduct nor breached any legal duty, contractual or otherwise, owing to PissedConsumer.

9. PissedConsumer's claims have been brought for an improper purpose with improper motive and, therefore, Ascentive is entitled to its costs and attorneys' fees incurred in defending against PissedConsumer's claims.

10. Ascentive intends to rely upon such other defenses as may be available or become apparent during discovery proceedings in this case and hereby specifically reserves the right to amend this answer to plead said defenses.

WHEREFORE, plaintiff/counterclaim defendant Ascentive, LLC, seeks judgment in its favor dismissing the counterclaim of defendant/counterclaim plaintiff Opinion Corp. d/b/a PissedConsumer.com, and awarding its attorneys' fees, costs and such other relief as the Court may deem appropriate.

Respectfully submitted,

FLASTER/GREENBERG, P.C.

Dated: November 30, 2010          By: /s/_____
                                       Darren H. Goldstein, Esquire
                                       Abbe F. Fletman, Esquire (pro hac vice)
                                       Alexis Arena, Esquire (pro hac vice)
                                       Four Penn Center, Suite 200
                                       1600 John F. Kennedy Boulevard
                                       Philadelphia, Pennsylvania 19103
                                       (215) 279-9393 (telephone)
                                       (215) 279-9394 (facsimile)
                                       *Attorneys for Ascentive, LLC*