UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x

ASCENTIVE, LLC,                                          MEMORANDUM AND ORDER

        Plaintiff,                                   10 Civ. 4433 (ILG) (SMG)

       - against -

OPINION CORP., <u>et</u> <u>al.</u>

        Defendants.
-------------------------------------------------------x

GLASSER, Senior United States District Judge:

Before the Court is the motion of plaintiff Ascentive, LLC ("Ascentive") to voluntarily dismiss its complaint without prejudice pursuant to Fed. R. Civ. P. 41(a)(2). Defendants Opinion Corp. and its officers Michael Podolsky and Alex Syrov (collectively, "PissedConsumer") who have asserted a breach of contract counterclaim against Ascentive, oppose the motion, contending that Rule 41(a)(2) does not permit voluntary dismissal where, as here, there is a pendent counterclaim and, even if did, that the dismissal should be with prejudice. For the reasons set forth below, Ascentive's motion is granted, and Ascentive's complaint is hereby dismissed without prejudice.

## I.    BACKGROUND

The factual background to this action is set out in the Court's previous decision, familiarity with which is assumed. <u>See</u> <u>Ascentive, LLC v. Opinion Corp.</u>, No. 10 Civ. 4433 (ILG) (SMG), 2011 WL 6181452, at *1-4 (E.D.N.Y. Dec. 30, 2011). In short, Ascentive on September 27, 2010 filed a complaint asserting various claims arising under the Racketeer Influenced and Corrupt Organizations Act and the Lanham Act, as

well as various provisions of Pennsylvania state law.[1]  PissedConsumer on November 9, 2010 filed its answer and also asserted a counterclaim alleging breach of contract.

On November 23, 2010, Ascentive filed a motion for a preliminary injunction seeking to disable certain webpages operated by PissedConsumer.  The Court held a hearing regarding Ascentive's motion on December 6 and 7, 2010.  The parties conducted discovery in advance of the Court's preliminary injunction hearing and discovery has yet to close.  The Court on December 13, 2011 denied Ascentive's preliminary injunction motion.  See id. at *23.

In light of the Court's decision, Ascentive on January 25, 2012 filed a motion to voluntarily dismiss its complaint without prejudice pursuant to Fed. R. Civ. P. 41(a)(2), stating that it did so "after determining that it is not in its best financial interests to pursue the action."  Ascentive's Memorandum of Law dated Jan. 25, 2012 at 1 (Dkt. No. 77-1).  In support of its motion, Ascentive also submitted a declaration from its Chief Executive Officer, Adam Schran ("Schran"), in which Schran states that "[a]fter the denial of Ascentive's motion for [a] preliminary injunction, Ascentive reassessed the costs of pursuing this action" and "determined that it is not in its best economic interests to proceed with [its] claims . . . at this time."  Declaration of Adam Schran dated Jan. 24, 2012 ¶¶ 2-3 ("Schran Decl.") (Dkt. No. 77-2).

PissedConsumer on February 24, 2012 filed its opposition.  PissedConsumer's Memorandum of Law in Opposition dated Feb. 24, 2012 ("Defs.' Opp'n") (Dkt. No. 88).  PissedConsumer argues that Ascentive is barred from voluntarily dismissing its complaint without prejudice and, alternatively, if Ascentive is permitted to voluntarily

---

[1] Classic Brands, LLC ("Classic") also filed suit against PissedConsumer and on March 8, 2011, its action against PissedConsumer was consolidated with that of Ascentive.  Classic has not moved to voluntarily dismiss its complaint.

dismiss the complaint, dismissal should be with prejudice. Defs.' Opp'n at 4-21.

PissedConsumer also contends that if the Court is inclined to dismiss Ascentive's

complaint without prejudice, then the Court should condition dismissal on, among other

things, Ascentive providing it with attorney' fees and with responses to certain

outstanding discovery requests. Defs.' Opp'n at 21-24. On March 9, 2012, Ascentive

filed its reply submissions, arguing that Rule 41 does not bar its motion and that all

relevant factors militate in favor of dismissing the complaint without prejudice.

Memorandum of Law in Reply dated Mar. 9, 2012 at 4-11 ("Pl.'s Reply") (Dkt. No. 91).

Ascentive further contends that the Court should grant dismissal without prejudice and

with no conditions. Pl.'s Reply at 12.

## II.    DISCUSSION

### A.  Legal Standard

Whether to grant dismissal pursuant to Fed. R. Civ. P. 41(a)(2) is within the

discretion of the Court. The Rule provides in relevant part:

> Except as provided in Rule 41(a)(1), an action may be dismissed at the
> plaintiff's request only by court order, on terms that the court considers
> proper. If a defendant has pleaded a counterclaim before being served
> with the plaintiff's motion to dismiss, the action may be dismissed over the
> defendant's objection only if the counterclaim can remain pending for
> independent adjudication.

Fed. R. Civ. P. 41(a)(2). Any such dismissal is without prejudice unless the dismissal

order otherwise provides. Id. Although voluntary dismissal without prejudice is not a

matter of right, there is a presumption in this circuit that generally motions to dismiss

claims without prejudice should be granted. Team Obsolete Ltd. v. A.H.R.M.A. Ltd., 216

F.R.D. 29, 36 (E.D.N.Y. 2003) (citations omitted).

The Second Circuit recently confirmed that there are two lines of authority "'with respect to the circumstances under which a dismissal without prejudice might be improper.'" Kwan v. Schlein, 634 F.3d 224, 230 (2d Cir. 2011) (quoting Camilli v. Grimes, 436 F.3d 120, 123 (2d Cir. 2006)). Under the first line of authority, dismissal without prejudice "would be improper if 'the defendant would suffer some plain legal prejudice other than the mere prospect of a second lawsuit.'" Kwan, 634 F.3d at 230 (quoting Camilli, 436 F.3d at 123). "Plain legal prejudice" includes "the plight of a defendant who is ready to pursue a claim against the plaintiff in the same action that the plaintiff is seeking to have dismissed." Camilli, 436 F.3d at 124. For example, this Circuit has explained, "plain legal prejudice" exists when "'the cause has proceeded so far that the defendant is in a position to demand on the pleadings an opportunity to seek affirmative relief and he would be prejudiced by being remitted to a separate action.'" Id. (quoting In re Skinner & Eddy Corp., 265 U.S. 86, 93-94, 44 S. Ct. 446, 68 L. Ed. 912 (1924)).

The second line of authority "indicates that the test for dismissal without prejudice involves consideration of various factors, known as the Zagano factors." Kwan, 634 F.3d at 230 (citing Camilli, 436 F.3d at 123). The non-exhaustive list of Zagano factors are "[1] the plaintiff's diligence in bringing the motion; [2] any 'undue vexatiousness' on plaintiff's part; [3] the extent to which the suit has progressed, including the defendant's efforts and expense in preparation for trial; [4] the duplicative expense of relitigation; and [5] the adequacy of plaintiff's explanation for the need to dismiss." Zagano v. Fordham Univ., 900 F.2d 12, 14 (2d Cir. 1990). In Zagano, the Second Circuit affirmed the district court's denial of the plaintiff's Rule 41(a)(2) motion because the action had been pending for four years, extensive discovery had already

taken place, the defendants would be prejudiced because of the resources they had spent in preparing for trial, and the plaintiff gave no indication that she would do anything but continue to pursue her case vigorously until ten days before the trial. <u>Zagano</u>, 900 F.2d at 14.

PissedConsumer does not contend that it will suffer "plain legal prejudice" if Ascentive is permitted to dismiss its complaint without prejudice and instead focuses its analysis on the <u>Zagano</u> factors, contending that each factors weighs in favor of dismissing the complaint with prejudice. Defs.' Opp'n at 7-21.[2] PissedConsumer further argues that the pendency of PissedConsumer's compulsory state law counterclaim bars relief under Fed. R. Civ. P. 41(a)(2). Defs.' Opp'n at 4-6. The Court turns to this latter contention first.

### B. Ascentive's Motion is Not Barred

While it is true that a plaintiff may not dismiss an action under Rule 41(a)(2) when the dismissal would deprive the Court of federal jurisdiction and, after dismissal, no independent basis would exist to adjudicate the counterclaim, <u>see, e.g.</u>, <u>Wentworth v. Hedson</u>, 248 F.R.D. 121, 122 (E.D.N.Y. 2008) (denying plaintiff's Rule 41(a)(2) motion where dismissal would destroy court's subject matter jurisdiction over defendant's permissive counterclaims), such a circumstance is not presented here as PissedConsumer's counterclaim is compulsory, and the Court thus has an independent

---

[2] PissedConsumer does argue that dismissal of Ascentive's complaint without prejudice will prejudice them generally but does not invoke the <u>Camilli</u> line of authority in its discussion. Defs.' Opp'n at 20 ("Courts routuinely [sic] deny 41(2) motions where dismissal of the claims without prejudice would threaten a defendant's economic opportunities."). Moreover, the one case from this Circuit that PissedConsumer cites in support of this contention—<u>Deere & Co. v. MTD Holdings Inc.</u>, No. 00 Civ. 5936 (LMM), 2004 WL 1432554 (S.D.N.Y. June 24, 2004)—involved an application of the <u>Zagano</u> factors.

basis to adjudicate the counterclaim: supplemental jurisdiction pursuant to 28 U.S.C. § 1367.[3]

Indeed, where, as here, a defendant's counterclaim is compulsory, even after a court dismisses a complaint pursuant to Fed. R. Civ. P. 41(a)(2), the court retains supplemental jurisdiction over the counterclaim, and Rule 41 therefore does not bar dismissal of the complaint. See, e.g., Eberhard Inv. Assocs., Inc. v. Santino, No. 01 Civ.3840 (LMM), 2004 WL 594728, at *2 (S.D.N.Y. Mar. 25, 2004) ("'[W]hen there is an independent jurisdictional basis for the counterclaim, Rule 41 does not prohibit dismissal of the underlying complaint. Similarly, the pendency of a compulsory counterclaim will not defeat dismissal, since the court may retain jurisdiction over a compulsory counterclaim under Rule 13 so long as it had subject matter jurisdiction over the main claim.'" (quoting 8 James W. Moore, Moore's Federal Practice, § 41.40[8][a] (3d ed. 1997))); 9 C. Wright, et al., Federal Practice & Procedure § 2365 (3d ed. 2004) ("If the counterclaim is compulsory, it is settled that the district court has . . . supplemental jurisdiction under Section 1367 of Title 28 of the United States Code, to decide it even though the plaintiff's claim is dismissed."); 1 Michael C. Silberberg, et al.,

---

[3] Counterclaims are compulsory if they arise "out of the transaction or occurrence that is the subject matter of the opposing party's claim." Fed. R. Civ. P. 13(a). Claims arise out of the same transaction or occurrence if, "essential facts of the various claims are so logically connected that consideration of judicial economy and fairness dictate that all the issues be resolved in one lawsuit." United States v. Aquavella, 615 F.2d 12, 22 (2d Cir. 1979). Similarly, 28 U.S.C. § 1367(a) provides federal courts with supplemental jurisdiction over "all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." A state law claim forms part of the same controversy if the state and federal claim "derive from a common nucleus of operative fact." United Mine Workers v. Gibbs, 383 U.S. 715, 725, 86 S. Ct. 1130, 16 L. Ed. 2d 218 (1966). The parties do not dispute that PissedConsumer's counterclaim is compulsory. See Defs.' Opp'n at 5; Pl.'s Reply at 3.

Civil Practice in the Southern District of New York § 11:16 (2d ed. 2010) ("If the counterclaim is compulsory, the court has supplemental jurisdiction over it and may decide the counterclaim even if the plaintiff's claim is dismissed.  If, on the other hand, the counterclaim is permissive, there must be independent grounds for the court to retain jurisdiction.").  Because PissedConsumer's "counterclaim can remain pending for independent adjudication," Ascentive's motion to dismiss its complaint is not barred by Fed. R. Civ. P. 41(a)(2).[4]

### C. The <u>Zagano</u> Factors Weigh in Favor of Dismissal Without Prejudice

PissedConsumer contends that an analysis of the <u>Zagano</u> factors counsels that dismissal without prejudice would be improper.  Defs.' Opp'n at 7-21.  With respect to the first factor—Ascentive's diligence in bringing this motion—this factor weighs in favor of Ascentive.  While PissedConsumer is correct that courts often consider the length of time an action has been pending and the events that occurred during that period in determining a plaintiff's diligence, <u>see, e.g.</u>, <u>Guzman v. Hazemag U.S.A., Inc.</u>, 145 F.R.D. 308, 310 (E.D.N.Y. 1993) (motion to dismiss without prejudice denied where action pending for one year but plaintiff waited until the "eve of trial" to make motion), this

---

[4] PissedConsumer's reliance on <u>Bosteve Ltd. v. Marauszwki</u>, 110 F.R.D. 257 (E.D.N.Y. 1986), is misplaced.  That case does not support the proposition that "voluntary dismissal is . . . barred where, as here, defendants' claims are compulsory." Defs.' Opp'n at 5.  In fact, in denying a motion to dismiss pursuant to Fed. R. Civ. P. 41(a)(2), the court acknowledged that even if it decided to dismiss plaintiffs' action, it would still have jurisdiction over defendant's counterclaims.  <u>Bosteve</u>, 110 F.R.D. at 259 ("[T]he court notes that it must retain jurisdiction over defendant's compulsory counterclaims, even if plaintiffs' action were dismissed.").  Moreover, <u>John Evans Sons, Inc. v. Majik-Ironers, Inc.</u>, 95 F.R.D. 186, 189 (E.D. Pa. 1982), upon which the <u>Bosteve</u> court relied in support of this statement, explicitly notes that Rule 41(a)(2) "does not bar dismissal . . . where there is federal jurisdiction over the plaintiff's claim and the counterclaim is a compulsory counterclaim under Rule 13 because the court has ancillary jurisdiction to decide the counterclaim even though the plaintiff's claim is dismissed."

factor is not dispositive and "[e]ven where litigation has been pending for four years, courts have not found that to be dispositive evidence that a party was not diligent." Shaw Family Archives, Ltd. v. CMG Worldwide, Inc., No. 05 Civ. 3939 (CM), 2008 WL 4127549, at *6 (S.D.N.Y. Sept. 2, 2008) (citing Thomas v. N.Y. Dep't of Corr. Servs., No. 00 Civ. 7163 (NRB), 2004 WL 1871060 (S.D.N.Y. Aug. 20, 2004)); see also Cantanzo v. Wing, 277 F.3d 99, 110 (2d Cir. 2000) (even though litigation pending for 12 years, plaintiffs not dilatory in bringing motion to voluntarily dismiss).

A better measure of diligence is whether a plaintiff moved to dismiss the complaint without prejudice within a reasonable period of time after the occurrence of the event that led to the plaintiff's decision not to pursue the action. See, e.g., Shaw, 2008 WL 4127549, at *6 ("Because [plaintiff's] motion to dismiss was made shortly after a series of events that have made pursuit of the litigation far more difficult and inefficient, the Court finds that [plaintiff] acted diligently."); Hinfin Realty Corp. v. Pittston Co., 206 F.R.D. 350, 355-56 (E.D.N.Y. 2008) ("The Court finds that the plaintiffs were diligent in bringing their motion to dismiss the action without prejudice because they filed it immediately after the events that led to their decision not to pursue the action at this time."); Universal Marine Medical Supply, Inc. v. Lovecchio, No. 98 Civ. 3495 (ILG), 1999 WL 441680, at *5-6 (E.D.N.Y. May 7, 1999) (granting plaintiff's motion to dismiss but finding that plaintiff was not diligent where plaintiff did not move until eight months after court decision providing basis for motion).

Under either measure, Ascentive was diligent in bringing its motion. This case has only been pending since September 27, 2010, and it was not until December 13, 2011 that the Court denied Ascentive's motion for a preliminary injunction. The Court's decision provided the primary grounds for Ascentive's motion to voluntarily dismiss,

causing Ascentive to reassess the costs of pursuing this action and ultimately to determine that it is not in its best economic interests to proceed with its claims. Schran Decl. ¶¶ 2-3. Ascentive filed its motion to voluntarily dismiss on January 25, 2012. It cannot be said that the nearly month and a half delay from the time of the issuance of the Court's decision and the filing of Ascentive's motion was unreasonable. This is particularly so because during the intervening period Ascentive and PissedConsumer engaged in settlement discussions, and it was not until January 24, 2012—the day before Ascentive filed its motion—that it became clear that they would not be able to consummate a settlement. Declaration of Abbe F. Fletman dated Mar. 9, 2012 ¶ 4 ("Fletman Decl.") (Dkt. No. 91-1).[5]

The second Zagano factor—undue vexatiousness by Ascentive—also weighs in Ascentive's favor. In cases where "there is no evidence to suggest that the case was brought to harass the defendant," Hinfin, 206 F.R.D. at 356, or that a plaintiff had "ill motive," Shaw, 2008 WL 4127549, at *6 (citing Jewelers Vigilance Comm., Inc. v. Vitale, Inc., No. 90 Civ. 1476 (MJL), 1997 WL 582823 (S.D.N.Y. Sept. 19, 1997)), the second Zagano factor weighs in favor of granting dismissal. There is no evidence of any intent to harass or ill motive on Ascentive's behalf. Courts generally find vexatiousness "where plaintiffs have assured the court and the defendants that they intended to pursue their claims prior to seeking a dismissal." Id. (no ill motive where plaintiff notified court of its desire to dismiss claims as soon as pursuing them became unfeasible); cf. Pac. Elec. Wire & Cable Co. v. Set Top Int'l Inc., No. 03 Civ. 9623 (JFK), 2005 WL 578916, at *5

---

[5] Some of Ascentive's delay in filing its motion to voluntarily dismiss appears to be attributable to PissedConsumer as the parties were not able to continue the settlement discussions they began on December 19, 2011 until January 24, 2012 as counsel for PissedConsumer was on trial in the early part of January. See Fletman Decl. Ex. A; Affirmation of Joel G. Macmull dated Feb. 24, 2012 ¶ 6 (Dkt. No. 88-1).

(S.D.N.Y. Sept. 2, 2008) (finding ill motive and vexatiousness where plaintiffs "assured the Court, in no uncertain terms, that th[e] case would continue" and "unilaterally and abruptly" canceled multiple depositions); <u>Sec. & Exch. Comm'n v. The Oxford Corp.</u>, 181 F.R.D. 269, 271 (S.D.N.Y. 1998) (finding undue vexatiousness where the "SEC gave the Court and parties every reason to believe" that it intended to participate in discovery when it had no intention to do so but nevertheless granting plaintiff's motion to voluntarily dismiss without prejudice). Ascentive has made no such affirmative assurances to PissedConsumer or the Court here.[6] Nor has PissedConsumer demonstrated that Ascentive's claims are "baseless or frivolous" or that Ascentive "has engaged in any patently dilatory or inappropriate motion practice." <u>See</u> <u>Shah</u>, 2011 WL 2638139, at *2.

The third factor—the extent to which the suit has progressed, including the effort PissedConsumer has spent in preparation for trial—also weighs in favor of Ascentive. Where, as here, discovery remains in its early stages, this factor militates in favor of dismissal without prejudice. <u>See</u> <u>Lovecchio</u>, 1999 WL 441680, at *6 (granting motion for voluntary dismissal where discovery was "far from complete"); <u>see also</u> <u>Catanzano</u>, 277 F.3d at 110 (voluntary dismissal appropriate where, although litigation had been going on four years, "only halting discovery ha[d] taken place"); <u>Team Obsolete</u>, 216 F.R.D. at 36 (granting motion for voluntary dismissal where plaintiff's decision to drop

---

[6] While it is true that Ascentive filed its motion to voluntarily dismiss only days before its submissions in opposition to PissedConsumer's motion to compel were due, there is no evidence that Ascentive encouraged PissedConsumer to continue discovery while having no intention of pursuing this action, the relevant inquiry here. <u>See, e.g.</u>, <u>Shah v. RBC Capital Mkts. Corp.</u>, No. 10 Civ. 7672 (PGG), 2011 WL 2638139, at *2 (S.D.N.Y. June 5, 2011) (granting motion for dismissal without prejudice where plaintiff did not encourage defendant to continue discovery and there was no other evidence of bad faith).

the claims was "certainly far from any trial date"); cf. Zagano, 900 F.2d at 14 (affirming denial of motion to voluntary dismiss where motion made ten days from trial date and parties had engaged in "extensive discovery").  Though the parties did engage in discovery with respect to Ascentive's preliminary injunction motion, much discovery— including the taking of additional depositions—remains to be completed, no pre-trial conference has been held, and a trial date has yet to be set.  Under similar circumstances, courts have concluded that this factor weighs in favor of the plaintiff.  See, e.g., A.V. by Versace, Inc. v. Gianni Versace S.p.A., 261 F.R.D. 29, 32-33 (S.D.N.Y. 2009) (granting motion to voluntarily dismiss after pre-trial conference held where majority of the activity in case related to injunction motion).  PissedConsumer does not contend, moreover, that it has expended any effort in preparation for trial.

The fourth factor—the duplicative expense of relitigation—weighs in favor of Ascentive as well.  "The mere prospect of a second litigation" is insufficient to rise to the level of legal prejudice.  Jones v. Sec. & Exch. Comm'n, 298 U.S. 1, 19, 56 S. Ct. 654, 80 L. Ed. 1015 (1936); D'alto v. Dahon Cal., Inc., 100 F.3d 281, 283 (2d Cir. 1996).  Yet it is the specter of another suit by Ascentive that PissedConsumer primarily complains of.  Defs.' Opp'n at 17.  In the event that Ascentive again files suit against PissedConsumer in another court, it is likely that the grounds will be the same and PissedConsumer will thus be able to use much of the work that it has completed in this action in defending any subsequent suit.  See, e.g., Versace, 261 F.R.D. at 33 ("[E]ven if [plaintiff] were to re-litigate the remaining claims in a future action, whatever work that defendants have done in preparing for trial can easily be used in a subsequent, similar action." (citation and quotation marks omitted)).  Further, if PissedConsumer is correct that there is a "compelling absence of [a] factual or legal basis" to maintain Ascentive's claims, Defs.'

Opp'n at 17, and Ascentive asserts the same or similar claims in a subsequent action, PissedConsumer will simply be able to move to dismiss the claims and, if it prevails, save itself from bearing the expense of any duplicative discovery altogether.  Cf. Shaw, 2008 WL 4127549, at *9 (where defendants argued, among other things, that "plaintiffs' claims are entirely without merit" court found duplicative expenses minimal because defendants could once again move to dismiss claims in subsequent action).  Finally, while it is true that courts sometimes take into account the amount of legal fees a party has incurred in determining whether to grant a voluntary dismissal motion, see, e.g., Deere, 2004 WL 1432554, at *2 (voluntary dismissal inappropriate where case pending for four years, thousands of documents produced, 62 depositions taken, numerous motions filed and adjudicated, and defendant had incurred more than six million dollars in legal fees), PissedConsumer has failed to provide the Court with any authority from this Circuit that supports its assertion that legal expenses of approximately $200,000.00 in a case involving a fiercely litigated motion for a preliminary injunction militates against dismissal without prejudice.

  The final Zagano factor—the adequacy of Ascentive's explanation for the need to dismiss—also weighs in favor of Ascentive.  Ascentive seeks to dismiss simply because it is no longer in its economic interests to proceed with its claims.  Schran Decl. ¶ 3.  This explanation is perfectly reasonable.  Indeed, courts frequently conclude that economic considerations constitute a reasonable explanation for seeking dismissal.  See, e.g., Omega Inst., Inc. v. Univ. Sales Sys., Inc., No. 08 Civ. 6473, 2010 WL 475287, at *5 (W.D.N.Y. Feb. 5, 2010) (motion to voluntarily dismiss granted where "plaintiff did not and presently does not have the resources to continue litigating this matter"); Versace, 261 F.R.D. at 33 (motion to voluntarily dismiss granted where defendants would be

unable to pay any judgment obtained against them); <u>Hinfin</u>, 206 F.R.D. at 357 (granting motion to voluntarily dismiss and noting that "[e]conomic concerns, such as those raised by the plaintiff, almost always dictate the course of litigation, and this case is no exception"). Further, there is no indication that Ascentive seeks dismissal to "avoid the prospect of an adverse decision on a dispositive motion." <u>Galasso v. Eisman, Zucker, Klein & Ruttenberg</u>, 310 F. Supp. 2d 569, 573 (S.D.N.Y. 2004) (motion for voluntary dismissal denied where plaintiff's explanation—"to preserve plaintiff's right to be heard, obtain discovery and obtain justice"—was "patently inadequate" and "insulting" to the court).

In sum, because each of the <u>Zagano</u> factors weighs in favor of Ascentive, Ascentive's motion to dismiss the complaint without prejudice is granted.

### D. No Conditions of Dismissal are Warranted

PissedConsumer contends that an award of attorney's fees is warranted as a condition of dismissal of Ascentive's complaint without prejudice. Defs.' Opp'n at 22. It also seeks to have the Court impose the following conditions on its dismissal of Ascentive's claims: (1) that Ascentive be barred from refilling these or substantially similar claims in an action against PissedConsumer in this district without first receiving the Court's permission; (2) that any such action filed by Ascentive in another federal or state court include, among other things, a copy of this Court's memorandum and order denying Ascentive's motion for a preliminary injunction; and (3) that before dismissal, Ascentive should provide responses to PissedConsumer's outstanding discovery demands. Defs.' Opp'n at 23-24.

With respect to attorney's fees, the Second Circuit has stated:

> Fee awards are often made when a plaintiff dismisses a suit without prejudice under Rule 41(a)(2). The purpose of such awards is generally to reimburse the defendant for the litigation costs incurred, in view of the risk (often the certainty) faced by the defendant that the same suit will be refiled and will impose duplicative expenses upon him.

Colombrito v. Kelly, 764 F.2d 122, 133 (2d Cir. 1985) (citations omitted). "However, fees and costs are to be awarded only when justice so demands. Courts within this circuit have refused to award fees and costs following a Rule 41(a)(2) dismissal absent circumstances evincing bad faith or vexatiousness on the part of the plaintiff." BD ex rel. Jean Doe v. DeBuono, 193 F.R.D. 117, 125 (S.D.N.Y. 2000) (citations and internal quotation marks omitted); accord Icon Licensing Grp., LLC v. Innovo Azteca Apparel, Inc., No. 04 Civ. 7888 (KMK), 2005 WL 992001, at *4 n.6 (S.D.N.Y. Apr. 27, 2005) (granting motion to voluntarily dismiss without prejudice and concluding that attorney's fees unwarranted where no showing of bad faith or vexatiousness by plaintiff). As discussed above, PissedConsumer has failed to establish any bad faith or vexatiousness on the part of Ascentive. See Part II.C. supra. An award of attorney's fees is thus unwarranted.

The Court will not impose the other conditions urged by PissedConsumer either. Forcing Ascentive to spend the time and money to respond to PissedConsumer's discovery requests will undercut the very reason it seeks to dismiss its claims to begin with: to conserve its economic resources. In any event, PissedConsumer fails to adequately articulate how the discovery it seeks with respect to a Washington State investigation of Ascentive and Schran that occurred in April 2009 bears on whether Ascentive had a good faith basis in bringing suit against PissedConsumer to begin with— a point Judge Gold recognized in the March 7, 2012 hearing with the parties. Tr. of Hearing before Magistrate Judge Gold on Mar. 7, 2012 at 5-6 (Dkt. No. 90). As for

PissedConsumer's other proposed conditions, it has provided the Court no legal basis for it to conclude that such terms are proper, and the Court declines to impose them.

### III.   CONCLUSION

For all of the foregoing reasons, Ascentive's motion to voluntarily dismiss its claims without prejudice is hereby GRANTED.

SO ORDERED.

Dated:      Brooklyn, New York
            May 3, 2012

_____/s/_____
I. Leo Glasser
Senior United States District Judge